## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IQ SYSTEMS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-890 (RMC)** |
| ) | |
| **ALEJANDRO MAYORKAS,** ) | |
| **Director, U.S. Citizenship and** ) | |
| **Immigration Services,** *et al.*, ) | |
| ) | |
| **Defendants.**[1] ) | |

## MEMORANDUM OPINION

IQ Systems, Inc. complains that the U.S. Citizenship and Immigration Service ("USCIS"), an agency within the Department of Homeland Security, improperly denied its I-140 visa petition on behalf of intended beneficiary Ravi Kuma Akuthota. USCIS moves to dismiss for lack of jurisdiction and failure to state a claim. Because USCIS's denial of the visa petition was based on a question of law and not on the exercise of discretion, this Court has jurisdiction to review the denial pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. However, because the Complaint fails to state a claim that USCIS's decision was arbitrary or capricious, the motion to dismiss will be granted.

## I. FACTS

An alien cannot work in the United States without the appropriate authority from USCIS. One way for an alien to receive permission to work is for an employer to submit a Form

---

[1] Defendants originally included Michael Aytes, Deputy Director of USCIS and F. Gerard Heinauer, Acting Director of the USCIS Nebraska Service Center. Pursuant to Federal Rule of Civil Procedure 25(d)(1), the new USCIS Director, Alejandro Mayorkas, is substituted for Mr. Aytes.

ETA-750 Application for Alien Employment with the Department of Labor.  The application names

an available alien worker for an open and advertised position and asks the Secretary of Labor to

certify that (1) the employer attempted to recruit U.S. workers in good faith; (2) no U.S. worker is

qualified, able, willing, or available for such employment; and (3) employing the alien worker will

not adversely affect U.S. wages or working conditions.  8 U.S.C. § 1182(a)(5); 20 C.F.R. § 656.10(a)

& (c).   If the Secretary grants the labor certification, the Secretary returns the original certified

application to the employer.  20 C.F.R. § 656.24(d).  Once an employer has received an approved

original labor certification, the employer may file with USCIS a Form I-140 Immigrant Worker Visa

Petition; the employer must submit the labor certification with the I-140 Petition.   8 C.F.R.

§ 204.5(*l*)(3)(i); *see also* 8 U.S.C. § 1153(b)(3)(C) (an immigrant visa may not be issued until the

consular officer receives the labor certification).   The I-140 Petition must describe the special

training or talent of the specific alien for whom the application is made and the paucity of available

similar workers in the United States.  *See* 8 U.S.C. §§ 1153(b)(2) & (3); *id.* § 1154(a)(1)(F); 8 C.F.R.

§ 204.5.  Upon approval of an I-140 Petition, the named alien receives a visa which allows him to

work for the named employer.  *See* 8 C.F.R. § 204.5(n).[2]

IQ Systems, Inc. ("IQ Systems") is a computer consulting company that filed an

application for labor certification for the position of Software Engineer, naming as the prospective

alien worker Ravi Kumar Akuthota.  The Secretary of Labor certified the position and issued the

labor certification on April 12, 2007.  *See* Compl., Ex. 2 (4/12/07 Labor Certification for Mr.

Akuthota).  On May 3, 2007, IQ Systems filed a Form I-140 visa petition on behalf of another

---

[2] An alien with an I-140 visa can petition for adjustment of his status to that of permanent
resident, through Form I-485.  *See* 8 U.S.C. § 1255.

individual, Ravi Kanth Kotagiri, using the labor certification for Mr. Akuthota in accordance with then-applicable regulations. Those prior regulations permitted an employer to "substitute," *i.e.*, to use an approved labor certification for a *different* prospective alien worker than the individual named in the I-140 application. *See* 20 C.F.R. § 656.30(c)(2) (version effective Mar. 28, 2005 to July 15, 2007). Subsequently, the Secretary of Labor promulgated a new regulation prohibiting the substitution of aliens in any visa request submitted on July 16, 2007 or thereafter. *See* 72 Fed. Reg. 27904, 27944 (May 17, 2007) (adding 20 C.F.R. § 656.11).

On August 15, 2007, IQ Systems filed an I-140 visa petition with USCIS on behalf of Mr. Akuthota. IQ Systems indicated that it intended to "withdraw the I-140 petition filed in (sic) behalf of Ravi Kanth Kotagiri[3] (substituted alien beneficiary) and respectfully [sought] permission to reuse this approved labor [certification] in (sic) behalf of the original alien Mr. Akuthota." *See* Compl., Ex. 3 (Aug. 10, 2007 Letter Supporting Visa Petition for Mr. Akuthota). USCIS denied IQ Systems' I-140 visa petition, because the petition was filed after July 16, 2007, and a substitution of the intended alien beneficiary was prohibited. *See id.*, Ex. 1 (Feb. 19, 2009 Decision) at 2. IQ Systems requested reconsideration. USCIS denied reconsideration, noting that the re-substitution of the original alien was filed one month after the new regulation prohibiting substitution took effect. *See id.*, Ex. 5 (Mar. 24, 2009 Decision).

IQ Systems contends that USCIS's denial of the I-140 visa petition was arbitrary and capricious because IQ should have been able to use the original labor certification (for Mr. Akuthota) in support of the August 2007 I-140 visa petition on behalf of Mr. Akuthota — despite the

---

[3] Two years later, USCIS acknowledged the withdrawal of the I-140 petition for Mr. Kotagiri. *See* Compl., Ex. 4 (Jan. 21, 2009 Letter).

substitution in the interim of Mr. Kotagiri.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Jurisdiction

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).  To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is a constitutional and statutory requirement.  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### B.  Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.  ANALYSIS

### A.  Jurisdiction.

Defendants argue that this Court lacks jurisdiction to review USCIS's decision to deny the visa petition under the jurisdiction-stripping statute, 8 U.S.C. § 1252(a)(2)(B), which provides:

> [N]o court shall have jurisdiction to review — . . .  (ii) any other
> decision or action of the Attorney General or the Secretary of
> Homeland Security the authority for which is specified under this

subchapter[4] to be in the discretion of the Attorney General or the
Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii).  In other words, courts lack jurisdiction to review decisions regarding

visa petitions when the decision was discretionary.

Even so, courts have jurisdiction to review decisions on visa petitions when the

decision is based on a question of law.  Although the D.C. Circuit has yet to decide the question,

other federal courts of appeal have held that § 1252(a)(2)(B) does not strip courts of jurisdiction to

review nondiscretionary decisions regarding visa petitions and adjustment of status petitions.  *See*

*e.g., Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005) (§ 1252(a)(2)(B) does not bar

jurisdiction over nondiscretionary legal decisions); *see also, e.g.*, *Succar v. Ashcroft*, 394 F.3d 8, 19

(1st Cir. 2005) ("Both the Supreme Court and this court have consistently rejected arguments that

Congress has eliminated judicial review of the legal question of interpretation of the statute as to

whether an alien is eligible for consideration of relief."); *Iddir v. INS*, 301 F.3d 492, 497 (7th Cir.

2002) ("we find section 1252(a)(2)(B)(i) . . . only bars review of actual discretionary decisions to

grant or deny relief").  Federal courts have jurisdiction to review a "predicate legal question that

amounts to a nondiscretionary determination underlying the denial of relief."  *El-Baz Abdelwahab*

*v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009).  Thus, the jurisdiction-stripping statute does not

deprive the Court of jurisdiction to review USCIS's decision because the visa denial was based on

USCIS's predicate legal conclusion that the new regulation barred IQ Systems from substituting a

beneficiary.  Final agency action such as USCIS's decision is subject to judicial review under the

APA when there is no other adequate remedy and federal question jurisdiction under 28 U.S.C.

---

[4] This "subchapter" includes the discretionary powers of the USCIS set forth in 8 U.S.C.
§§ 1151 through 1155 relating to the issuance and processing of immigrant visa petitions.

§ 1331 applies.  *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).

### B.  USCIS's Denial of the I-140 Visa Petition

The APA provides a cause of action to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action."  5 U.S.C. § 702.  Review under the APA is limited to "final agency action"[5] for which there is no other adequate remedy in a court. *Id*. § 704; *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (a person adversely affected by final agency action is entitled to judicial review so long as no statute precludes review and the action is not committed to agency discretion by law).

The APA requires a reviewing court to set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001).  In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotation marks omitted).  At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made."  *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986).  An agency action may be arbitrary or capricious if:

> the agency has relied on factors which Congress has not intended it
> to consider, entirely failed to consider an important aspect of the
> problem, offered an explanation for its decision that runs counter to
> the evidence before the agency, or is so implausible that it could not

---

[5] A final agency action "(1) marks the consummation of the agency's decision making process — it must not be of a merely tentative or interlocutory nature; and (2) the action must be one by which rights or obligations have been determined or from which legal consequences will flow." *Domestic Secs., Inc. v. SEC*, 333 F.3d. 239, 246 (D.C. Cir. 2003) (internal quotation marks omitted).

be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  "[T]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency."  *Id.*

Under prior regulations, an employer submitting an I-140 visa petition for a named worker was permitted to use an approved labor certification that had been issued for a *different* prospective alien worker.  *See* 20 C.F.R. § 656.30(c)(2) (version effective Mar. 28, 2005 to July 15, 2007).  Subsequently, a new regulation was promulgated that prohibits the substitution of aliens in any visa requests submitted after July 16, 2007.  *See* 72 Fed. Reg. 27904, 27944 (May 17, 2007) (adding 20 C.F.R. § 656.11).   The new regulation provides:

> (a) Substitution or change to the identity of an alien beneficiary on any application for permanent labor certification, whether filed under this part or 20 C.F.R. part 656 in effect prior to March 28, 2005, and on any resulting certification, is prohibited for any request to substitute submitted after July 16, 2007.

> (b) Requests for modifications to an application will not be accepted for applications submitted after July 16, 2007.

20 C.F.R. § 656.11.  Further, § 656.30(c)(2) was amended to provide:

> *A permanent labor certification involving a specific job offer is valid only for* the particular job opportunity, *the alien named on the original application (unless a substitution was approved prior to July 16, 2007)*, and the area of intended employment stated on the Application for Alien Employment Certification (Form ETA 750) or the Application for Permanent Employment Certification (Form ETA 9089).

20 C.F.R. § 656.30(c)(2) (effective July 16, 2007) (emphasis added).

IQ System argues that it "withdrew" the I-140 application on behalf of Mr. Kotagiri

and reasons that this withdrawal somehow nullified the prior substitution of Mr. Kotagiri and reinstated Mr. Akuthota with regard to the labor certification.  USCIS recognized that IQ Systems in fact was asking for a second substitution — to have Mr. Akuthota replace Mr. Kotagiri.  It denied the August 2007 I-140 visa petition for Mr. Akuthota because substitutions were no longer permitted after the new regulations took effect on July 16, 2007.  The Secretary considered the relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made."  *Bowen*, 476 U.S. at 626.  Accordingly, even accepting the facts alleged in the Complaint and its exhibits as true, *see Abhe*, 508 F.3d at 1059, the visa petition denial was not arbitrary, capricious, or otherwise in violation of the law.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [Dkt. # 5] will  be granted and this case will be dismissed.  A memorializing Order accompanies this Memorandum Opinion.


Date: November 4, 2009                                      /s/
                                            _____
                                            ROSEMARY M. COLLYER
                                            United States District Judge